**Steven FARSACI, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**George BUSH, Defendant.**

**Civ. No. 90–00010–P.**

United States District Court,
D. Maine.

Jan. 11, 1991.

---

Valeriano Diviacchi, Boston, Mass., for plaintiff.

Richard Cohen, U.S. Atty., Portland, Me., David J. Anderson, Vinecent M. Garvey, and Eric D. Goulian, Dept. of Justice, Civ. Div., Washington, D.C., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

GENE CARTER, Chief Judge.

By order of the Defendant President of the United States, approximately 400,000 American troops have been deployed in Saudi Arabia and the Persian Gulf since August 2, 1990, in response to Iraq's invasion and occupation of Kuwait. On November 19, 1990, the United Nations Security Council adopted Resolution 678 sanctioning the use of "all necessary means" by member nations after January 15, 1991, to effect the withdrawal of Iraqi forces from Kuwait. At the request of the Defendant, Congress is now debating the propriety of the United States undertaking an offensive military action pursuant to Resolution 678.

In this action Plaintiff, an individual citizen representing himself and others similarly situated, seeks declaratory and injunctive relief against the President's alleged *de facto* declaration of war against Iraq. He seeks a determination that this alleged declaration of war violates his rights under Article I, Section 8, clause 11 of the United States Constitution and under the Fifth Amendment to the Constitution. Plaintiff also seeks to enjoin the President from commencing a military offensive against Iraq without congressional approval. He has moved for a temporary restraining order and preliminary injunctive relief, as well as for permanent injunctive relief. Defendant has moved to dismiss the complaint on the grounds that the dispute is nonjusticiable both because Plaintiff lacks standing to assert his claims and because the allegations of the complaint raise a political question. The Court heard argument on these issues on January 11, 1991, and will address the motion for a preliminary injunction based on the written and oral presentations of counsel.

In this circuit, in order for a plaintiff to obtain preliminary injunctive relief, the Court must find

(1) that the plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which the granting of injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction.

*Stanton by Stanton v. Brunswick School Department,* 577 F.Supp. 1560, 1567 (D.Me.1984). The Court finds that because Plaintiff has failed to exhibit a likelihood of success on the merits and because the public interest might well be adversely affected by the granting of the requested injunction at this juncture, preliminary injunctive relief is not appropriate.

Plaintiff, as a citizen, sues as a representative of all United States citizens who are suffering the effects of the United States' alleged state of war with Iraq. He alleges that because the actions of the President have occurred without a declaration of war by Congress, they are unconstitutional and violate his Due Process rights under the Fifth Amendment. Plaintiff asserts that he has been further injured by the President's actions because he has suffered higher fuel oil prices and higher costs of travel.

In *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 94 S.Ct.

2925, 41 L.Ed.2d 706 (1974), the Supreme Court articulated the doctrine of citizen standing. The Court reaffirmed its holding in *Ex Parte Levitt*, 302 U.S. 633, 634, 58 S.Ct. 1, 1, 82 L.Ed. 493 (1937) where it stated:

> The motion papers disclose no interest upon the part of the petitioner other than that of a citizen and a member of the bar of this Court. That is insufficient. It is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained or is immediately in danger of sustaining a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public.

The Court explained that a concrete, differentiated injury is needed for standing because it adds the essential dimension of specificity to the dispute, allowing the complainant to present "a complete perspective upon the adverse consequences flowing from the specific set of facts undergirding his grievance." *Schlesinger*, 418 U.S. at 221, 94 S.Ct. at 2932. In the setting of constitutional adjudication, the requirement that a concrete injury occur or be threatened within a discrete factual context "insures the framing of relief no broader than that required by the precise facts to which the court's ruling would be applied. This is especially important when the relief sought produces a confrontation with one of the coordinate branches of the Government." *Id.* at 222, 94 S.Ct. at 2932.

Under *Schlesinger* Plaintiff cannot establish standing based on his assertion that he has been harmed by the President's alleged *de facto* declaration of war without such a declaration by Congress. As the Supreme Court stated:

> In some fashion, every provision of the Constitution was meant to serve the interest of all. Such a generalized interest, however, is too abstract to constitute a "case or controversy" appropriate for judicial resolution. The proposition that all constitutional provisions are enforceable by any citizen simply because citizens are the ultimate beneficiaries of those provisions has no boundaries.

*Id.* at 226–27, 94 S.Ct. at 2935.

At argument, Plaintiff contended that existence in a state of war and increased fuel and travel costs, all of which he also asserts as a basis for standing, are not abstract injuries. These alleged harms, however, do not meet the Supreme Court's long-held requirement that Plaintiff's injury be "peculiar to himself, as distinguished from the great body of his fellow citizens." *Tyler v. Judges of Court of Registration*, 179 U.S. 405, 406, 21 S.Ct. 206, 207, 45 L.Ed. 252 (1900). Moreover, these alleged harms are not a consequence of the alleged constitutional violation, that the President has or will involve the country in war without a congressional declaration of war. Clearly, the Plaintiff would suffer these same harms if Congress acted under Article I, Section 8, Clause 11 to declare war. Since Plaintiff has failed to identify any concrete, personal injury which is a consequence of the alleged constitutional error, he is unlikely to be able to establish standing in this action. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 485, 102 S.Ct. 752, 765, 70 L.Ed.2d 700 (1982); *Schlesinger*, 418 U.S. at 227, 94 S.Ct. at 2935. Since he is unlikely to establish standing, he is unlikely to reach and succeed on the merits of his claim.

It also does not currently appear that this action is ripe. As the Court writes, both bodies of Congress are deliberating on the appropriate actions to be taken by this country given the fast-approaching January 15th deadline set by Security Council Resolution 678 for Iraq's withdrawal from Kuwait. It is impossible to predict what Congress will decide, and Plaintiff acknowledged at argument that his action will be moot if Congress assents to the President's use of offensive force against Iraq. The injunction sought by the Plaintiff could interfere with the debate now ongoing in Congress over its position concerning the use of military force in the Persian Gulf. Clearly, such interference in the political process would not serve the public interest. Because Plaintiff has not shown a likelihood of success on the merits, and because

the relief he seeks would, at this time, be adverse to the public interest, the motion for a preliminary injunction must be denied.

Accordingly, it is ORDERED, that Plaintiff's motion for a temporary restraining order and a preliminary injunction be, and it is hereby, DENIED.

SO ORDERED.